Day, J.,
 

 dissenting. A non-charter city is governed by the organic and statutory law of the state. The right of the people to initiate and adopt their own legislation is reserved to them by the Constitution of Ohio. The council was not created as a check upon the powers of the people. On the contrary, the initiative and referendum provisions were adopted as a check upon the powers of the city council. As between the city council and the electorate the latter is the superior authority. The city council should, of right, be responsive to the will of the people, and not the people to the will of the city council. By the process of referendum the people have reserved unto themselves the right to veto, repeal, modify, alter and amend legislation passed by the city council. A master controls the acts of his servant, and not the servant the acts of his master. A contrary situation would make master of the servant.
 

 Prior to the adoption of the initiative and referendum provisions, the legislative power of a city was vested in its council. With the adoption of the initiative and referendum provisions, the legislative power of the city council was qualified by the power of the electorate to initiate and adopt its own legislation and to subject councilmanic legislation to referendum. This reaffirmed the obvious truth that the electorate is the superior authority. Consequently, as between an ordinance initiated and adopted by the electorate and a subsequent contrary emergency ordinance adopted by the city council, the former must prevail
 
 *289
 
 over
 
 the
 
 latter.
 
 By
 
 holding otherwise, the very principle of direct legislation is violated. By holding that a city council, of a non-charter city, has power to amend or repeal initiated ordinances by the passage of emergency ordinances, the process of initiative and referendum is nullified. Council has no power to destroy that which the people, under their reserved powers, create.
 

 The council ordinances in question were passed as emergency ordinances. They declared an emergency to exist. However the term “emergency”, like the term “democracy”, is often made to cover a multitude of sins. Emergencies are frequently declared where none exist. No emergency exists unless a condition arises necessitating the passing or adopting of an ordinance for the immediate preservation of the public peace, health, or safety of the municipality. The only tangible emergency was the frustration of the will of the electorate as expressed in their initiated ordinance and in depriving them of their right to a referendum vote on the repealing ordinance passed by council with the emergency declaration.
 

 Neither the Constitution of the state nor the state Legislature has seen fit to grant to the city council the power to override, vitiate, repeal, alter or amend legislation initiated and adopted by the people.
 

 I am of the opinion that, in the absence of an expressed power so to do, a city council is without authority to adopt an emergency ordinance to repeal, modify or alter an ordinance which was duly initiated and adopted by the electors of its city, and thus deprive the electors of their right to a referendum.